IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC., | CASE NO. 5:14-cv-01242 EJD |
| Plaintiff(s), | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| REMON I. DANIEL dba as SAN CARLOS MARKET, | [Docket Item No(s). 6] |
| Defendant(s). | |

Presently before the court is Plaintiff Chong's Produce, Inc. ("Plaintiff") ex parte application for a temporary restraining order ("TRO") against Defendant Remon I. Daniel dba as San Carlos Market. According to the application, Plaintiff seeks a TRO to preserve its beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a-499t.  After careful review, the court has determined that temporary injunctive relief is not warranted here.  Accordingly, Plaintiff's application will be denied for the reasons explained below.

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992).  "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full

1
CASE NO. 5:14-cv-01242 EJD
ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

1  payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re
2  Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991).

3       Plaintiff seeks a TRO to preserve PACA trust assets. The standard for issuing a TRO is the
4  same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin
5  W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy
6  that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v.
7  Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary
8  injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2)
9  that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of
10 equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v.
11 Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). As a corollary to this test, the Ninth Circuit has also
12 found a preliminary injunction appropriate if "serious questions going to the merits were raised and
13 the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of
14 the status quo where complex legal questions require further inspection or deliberation. Alliance for
15 the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

16      Since Plaintiff's request appears ex parte, two further requirements must be satisfied
17 pursuant to Federal Rule of Civil Procedure 65. The moving party must put forth "specific facts in
18 an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or
19 damage will result to the movant before the adverse party can be heard in opposition," and counsel
20 for the moving party must certify in writing "any efforts made to give notice and the reasons why it
21 should not be required." Fed. R. Civ. P 65(b)(1). There are "a very narrow band of cases in which
22 ex parte orders are proper." Reno Air Racing Assoc., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir.
23 2006).

24      Here, Plaintiff asserts that it only began to sell perishable agricultural commodities to
25 Defendant, operating as San Carlos Market, in 2014. See Decl. of Andy Chong, Docket Item No. 6,
26 at ¶ 5. However, four of the checks Plaintiff received from Defendant were returned for insufficient
27 funds, and Plaintiff was told by the bank that an additional five checks would similarly not clear for
28 lack of funds. Id. Plaintiff contacted Defendant to ask about the checks, and Defendant stated he

United States District Court
For the Northern District of California

would bring cash to Plaintiff to cover the outstanding balance. Id. at ¶ 6. Defendant did not follow through. Id. The outstanding unpaid balance is $24,894.25. Id. at ¶ 7.

Plaintiff acknowledges that, as of the time this application was filed, Defendant is still operating San Carlos Market at its known address and receiving produce from other vendors. Id. at ¶ 14. Nevertheless, Plaintiff believes that Defendant's nonpayment of its outstanding balance to Plaintiff - and nothing else - suggests that Defendant is unable to satisfy its debt and operating expenses out of profit margins, and instead is likely using PACA trust funds to cover the deficit. Id. Plaintiff further asserts that, in his experience, this situation inevitably leads to liquidation of the entity maintaining the PACA trust, rendering recovery impossible. Id. at ¶ 15.

On this showing and based on these facts, Plaintiff has not demonstrated that a TRO is warranted. While Plaintiff has demonstrated a likelihood that Defendants are delinquent in payments subject to a PACA trust, Plaintiff has not shown that an immediate dissipation of trust assets will occur, particularly since Defendant is still operating a business. As a result, Plaintiff has not identified a significant threat of irreparable injury. Indeed, the fact that Defendant is behind in payments does not itself indicate that trust assets are being depleted, especially in the absence of any additional evidence of Defendant's financial situation or risk of liquidation. Further, Plaintiff provides little support for the issuance of an order without notice to Defendant outside of a conclusory statement. In light of the fact that the proposed TRO would essentially prevent Defendant from operating a business, the prejudice to Defendant that would result from this type of ex parte order cannot be taken lightly.

The court therefore concludes that this is not one of the "narrow band of cases" justifying extraordinary relief without notice. As such, Plaintiff's ex parte application for a TRO (Docket Item No. 6) is DENIED.

The court schedules a hearing on Plaintiff's Motion for Preliminary Injunction (Docket Item No. 7) for **9:00 a.m. on May 9, 2014.** Plaintiff shall complete service of process and shall serve notice of the injunction hearing on Defendant no later than **April 4, 2014.** Defendant may file a response to the preliminary injunction motion no later than **April 25, 2014.** No replies will be permitted and should not be filed.

1   Plaintiff's request to consolidate trial on the merits with the preliminary injunction hearing is
2   DENIED.
3   **IT IS SO ORDERED.**

5   Dated:  March 25, 2014

EDWARD J. DAVILA
United States District Judge